IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 06-cv-1594-EWN-PAC

GIANT MERCHANDISING,

Plaintiff,

v.

JOHN DOES 1-100, individuals,
JANE DOES 1-100, individuals, and
XYZ COMPANY, business entity form unknown,

Defendants.

_____

**TEMPORARY RESTRAINING ORDER**
_____

**Blackburn, J.**

This matter is before me on the **Plaintiff's Ex Parte Application for: A Temporary Restraining Order; Seizure Order; and an Order to Show Cause re: Preliminary Injunction** [#2], filed August 11, 2006. The motion is granted in part and denied in part.

In determining whether a temporary restraining order should issue, I have judicially noticed all relevant adjudicative facts in the file and record *pro tanto*, and I have considered the reasons stated, arguments advanced, and authorities cited by the plaintiff in its papers.

## JURISDICTION

This case arises under 15 U.S.C. §§ 1114(b) and 1125(a), parts of the Lanham Trademark Act. I have jurisdiction over this matter under 15 U.S.C. § 1121 and 28

U.S.C. § 1338(a) and (b). This case was assigned by random draw to the Honorable Edward W. Nottingham, who indicated that he was not available to consider the plaintiff's request for immediate relief. I have been assigned a very similar case, 06-cv-1595 REB-MEH, in which similar relief is requested. I am available to consider the plaintiff's requests for immediate relief in both cases, and, thus, resolve the plaintiff's motion for temporary restraining order on behalf of this court.

## SUMMARY OF FACTUAL ALLEGATIONS

The following factual summary is taken from the plaintiff's complaint and brief in support of its motion for temporary restraining order. The plaintiff is engaged in the manufacture, distribution, and sale of various merchandise that is sold and distributed at concerts and retail stores, including t-shirts, jerseys, sweatshirts, hats, visors, buttons, posters, and program books. A group known as Korn has achieved wide renown during their career in the music industry. "Korn" is the tradename used by the group in connection with their performing, recording, merchandising and other related goods in all aspects of the entertainment industry. The tradeneame is used to distinguish their goods and services from other such artists. "Korn" also is a registered trademark for use in connection with clothing, including jackets, shirts, and hats, and for use in connection with entertainment services, including live performances. Korn also has put together a tour known as the "Family Values Tour" which has toured for over eight years. The mark "Family Values Tour" also is a federally registered trademark. Under an agreement with Korn, the plaintiff possesses the exclusive right to utilize all trademarks, service marks, trade names, likenesses and logos of Korn, including the mark "Family Values Tour," on and in connection with such merchandise sold and

offered for sale in the vicinity of Korn's concerts on present North American concert tour (Tour Merchandise).

Pervious tours by Korn were attended by hundreds of thousands of people. Each of Korn's trademarks has developed and now possesses secondary and distinctive meaning to purchasers of Tour Merchandise. Hundreds of thousands of such items have been sold throughout the United States, and the plaintiff and Korn realize substantial income form the sale of Tour Merchandise.

The plaintiff's affiant, Scott Farady, states that he is responsible for the plaintiff's merchandising and security on the current Korn tour. Faraday says that tours of the stature of Korn's current tour have a recurring problem with individuals who sell unlicensed and unauthorized Tour Merchandise near and at concert venues. These individuals are referred to as "Bootleggers," and their goods are referred to as "Unauthorized Merchandise." The Bootleggers sell identical shirts, which indicates that the shirts are supplied from a common source. Faraday says he and his staff have followed a substantial number of tours of various artists and they frequently have observed the same individuals selling Unauthorized Merchandise at many of the venues for each artist. Products with similar designs have been sold by defendants throughout and artist's tour. According to Faraday, the defendants' merchandise often is of inferior quality and often is sold at half of the price of the plaintiff's licensed merchandise.

Korn is scheduled to perform a concert on Tuesday, August 15, 2006, at Coors Amphitheater in Englewood, Colorado. Korn has a series of scheduled performance dates at various locations throughout the U.S. following the August 15th performance.

The plaintiff seeks a temporary restraining order that will restrain the defendants from selling Unauthorized Merchandise at the August 15, 2006, Korn performance and at subsequent concert performances by Korn.

As reflected in the current caption of this case, the plaintiff has not identified any particular individuals or companies who are participating in the sale of Unauthorized Merchandise. The plaintiffs propose to determine the identity of particular bootleggers at tour events. The plaintiff has described the difficulties it faces in identifying particular individuals or companies who engage in such activity prior to filing its complaint and motion for temporary restraining order. The plaintiff seeks to serve their complaint and a temporary restraining order on individual bootleggers at the concert venue.

## STANDARD OF REVIEW

A temporary restraining order is extraordinary relief. A party seeking a preliminary injunction must show 1) a substantial likelihood that the movant eventually will prevail on the merits; 2) that the movant will suffer irreparable injury unless the injunction issues; 3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; 4) that the injunction, if issued, would not be adverse to the public interest. ***Lundgrin v. Claytor***, 619 F.2d 61, 63 (10th Cir. 1980). In addition to the foregoing factors, a party seeking a temporary restraining order also must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result absent a temporary restraining order. **FED. R. CIV. P. 65(b)**.

## ANALYSIS

I find that all five of the foregoing factors weigh in favor of the plaintiff, and thus in favor of the granting of a temporary restraining order.  First, the plaintiff has shown a substantial likelihood of success on the merits of its trademark claims.  Specifically, the facts alleged by the plaintiff demonstrate that it has an exclusive license to use the trademarks at issue at concert performances by Korn, and that the defendants actions violate the plaintiff's trademark rights.  Second, the plaintiff has demonstrated that it likely will suffer immediate and irreparable injury absent an injunction.  The plaintiff's allegations and the Faraday affidavit indicate that the plaintiff is likely to suffer damage to its good will and reputation, in part by its inability to control the quality of the defendants' infringing products.  The bootleg sales likely are to occur in about 24 hours.  Such evidence is sufficient to demonstrate irreparable injury in the context of a trademark claim. **See, e.g., GTE Corp. v. Wiliams**, 731 F.2d 676, 678 (10th Cir. 1984).  Third, the plaintiff has shown that these threatened injuries outweigh any damage the proposed injunction may cause to the defendants.  Fourth, nothing in the record demonstrates that the issuance of an injunction would be adverse to the public interest.  Fifth, as noted above, the plaintiff has demonstrated with specific factual allegations that immediate and irreparable injury will result absent a temporary restraining order.  Finally, I conclude that this order should be granted without notice to the defendants because of the imminence of the threatened injury and because the plaintiffs have not yet been able to identify specifically any defendant.

Finally, FED. R. CIV. P. 65(c), provides that a restraining order shall not issue "except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by

any party who is found to have been wrongfully enjoined or restrained." I conclude that a bond in the amount of one hundred dollars is sufficient to protect the defendants' interests should it ultimately be determined that this injunction was granted improvidently.

The plaintiff seeks an order that includes an authorization for law enforcement officers to seize and impound any and all Unauthorized Merchandise bearing Korn's trademarks if such merchandise is found within a ten mile vicinity of the concert venue and within six hours before to six hours after the scheduled performance. In addition, the plaintiffs seek an order that requires individuals selling Unauthorized Merchandise who are served with a copy of this order to promptly and peaceably identify himself or herself to the process server, and that the process server be permitted to photograph, video tape or otherwise identify the defendant. Further, the plaintiffs seek an order that will be applicable to sales of Unauthorized Merchandise at Korn concerts nationwide. On the current record, I conclude that such relief cannot properly be granted by this court on the current record.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Plaintiff's Ex Parte Application for: A Temporary Restraining Order; Seizure Order; and an Order to Show Cause re: Preliminary Injunction** [#2], filed August 11, 2006, is **GRANTED** in part;

2. That pending hearing and determination of the plaintiff's implicit request for a preliminary injunction, or the expiration of ten (10) days from the entry of this order, the defendants, their agents, servants, employees, attorneys, and any and all persons in active concert or participation with him who receive actual notice of this order by

personal service or otherwise **TEMPORARILY ARE ENJOINED AND RESTRAINED** from manufacturing, distributing and selling Infringing Merchandise, as that term is defined in this order, bearing any or all of Korn's trademarks, including the mark "Family Values Tour," within three (3) miles of the Korn concert scheduled for Tuesday, August 15, 2006, at Coors Amphitheater in Englewood, Colorado, and from six (6) hours before to six (6) hours after the scheduled start time of the concert;

    3.  That on or before 3:00 p.m. on Tuesday, August 15, 2006, the plaintiff **SHALL GIVE SECURITY** in the amount of one hundred dollars for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained;

    4.  That the court shall hear the plaintiff's motion for preliminary injunction on **Monday, August 28, 2006, at 4:00 p.m. (MDT)**;

    5.  That if any defendant wishes to file a response to the plaintiff's motion for temporary restraining order or request for preliminary injunction, such response shall be filed on or before **Friday, August 25, 2006, at 5:00 p.m. (MDT)**;

    6.  That at the request of any defendant who is served with a summons and complaint or this Temporary Restraining Order, the plaintiff shall provide copies of all filings made in this case prior to the date and time on which the defendant was served;

    7.  That this temporary restraining order **SHALL EXPIRE**, if not sooner modified or dissolved, on August 28, 2006, at 4:45 p.m. (MDT); and

    8.  That the **Plaintiff's Ex Parte Application for: A Temporary Restraining Order; Seizure Order; and an Order to Show Cause re: Preliminary Injunction** [#2],

filed August 11, 2006, otherwise is **DENIED**.

    Dated August 14, 2006, at 4:45 p.m. (MDT), at Denver, Colorado.

                                               **BY THE COURT:**

                                               **s/ Robert E. Blackburn**
                                               **Robert E. Blackburn**
                                               **United States District Judge**